UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ALIREZA KHADEM, et al.,
Plaintiffs,
v.
JOSEPH B. EDLOW,
Defendant.

Case No. 26-cv-05227-PCP

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Re: Dkt. No. 7

In this action, 31 Iranian nationals challenge U.S. Citizenship and Immigration Service's failure to process their Form I-129 and Form I-539 applications due to two recent USCIS policies placing a hold on review of immigration-benefit applications from nationals of 19 specified countries, including Iran. Plaintiffs seek to compel timely processing of their applications under both the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act (APA), 5 U.S.C. § 706(1). Plaintiffs also assert that the challenged USCIS policies are arbitrary and capricious and were adopted without the required procedures in violation of the APA, 5 U.S.C. § 706(2)(A), (D); discriminate "in the issuance of an immigrant visa" based on nationality in violation of the Immigration and Nationality Act, 8 U.S.C. § 1152(a)(1)(A); discriminate based on national origin in violation of the Fifth Amendment; and are *ultra vires*.

Plaintiffs now move for two forms of preliminary relief. First, under § 705 of the APA, they seek to stay the application of the challenged policies to bar the processing of their applications. *See* 5 U.S.C. § 705 (authorizing a reviewing court to "postpone the effective date of an agency action … pending conclusion of the review proceedings"). Second, they seek a preliminary injunction that would compel USCIS to process their applications within 30 days.

"The standard for granting a § 705 stay is essentially the same as the standard for granting a preliminary injunction." *Pablo Sequen v. Albarran*, 810 F. Supp. 3d 1084, 1133 (N.D. Cal.

United States District Court
Northern District of California

2025) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Movants seeking either form of relief must show that (1) they are likely to succeed on the merits; (2) they will likely suffer irreparable injury absent preliminary relief; (3) their need for relief outweighs any harm or prejudice such relief will cause to other parties; and (4) the public interest favors the preliminary relief. *Nken*, 556 U.S. at 434; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "If a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then [preliminary relief] may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two … factors are satisfied.'" *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)). But in no circumstances will preliminary relief issue absent a threshold showing that irreparable harm is likely. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Plaintiffs have not established the likelihood of irreparable harm necessary to grant preliminary relief here. Because another court in the District of Rhode Island recently vacated the challenged policies in their entirety, *see Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.*, No. 26-CV-132, 2026 WL 1622708, at *57 (D.R.I. June 5, 2026), USCIS represents that it is treating the policies as nonexistent and therefore is not applying the policies to bar its resolution of plaintiffs' Form I-129 and Form I-539 applications. Of course, the mere fact that another court has vacated the policies does not necessarily obviate the risk of future harm "because of the uncertainty that remains as to whether that ruling will be stayed or overturned on appeal." *Sunny-Odio v. Trump*, No. 26-CV-04816-RFL, 2026 WL 1763854, at *2 (N.D. Cal. June 18, 2026). But in this case, USCIS's conduct since the vacatur of the challenged policies has obviated any imminent harm. It is undisputed that, as of the issuance of this order, USCIS has fully processed and approved 26 of the 31 plaintiffs' applications. While plaintiffs previously argued that a lingering request for evidence issued pursuant to the challenged policies might preclude USCIS's resolution of plaintiff Alireza Khadem's application, Khadem's application is among those recently approved. And plaintiffs concede that each of the five remaining applications are actively being reviewed, with two plaintiffs having already received notices of USCIS's intent to deny

their applications. In other words, in the time since plaintiffs filed their motion for preliminary relief, USCIS has taken some action with respect to every plaintiffs' application and has fully processed more than 80% of the applications, and no apparent bar to the speedy resolution of the few outstanding applications exists. On these undisputed facts, the Court cannot conclude that plaintiffs face likely irreparable harm in the absence of preliminary relief. To the contrary, all plaintiffs will likely receive the ultimate relief they seek in short order even without any stay or injunction from this Court.

Accordingly, plaintiffs' motion for preliminary relief is DENIED. Plaintiffs may renew their motion if the above-described circumstances change, including in the event of a stay or reversal of the vacatur order in *Dorcas*.

**IT IS SO ORDERED.**

Dated: August 12, 2026

P. Casey Pitts
United States District Judge